UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Norman L. Wiley,

Petitioner,

vs. REPORT AND RECOMMENDATION

United States,

Respondent. Civ. No. 00-2454(PAM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 4th day of June, 2001.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon upon a Petition for a Writ of Habeas Corpus, see, Title 28 U.S.C. §2241, which alleges that the Petitioner is being illegally detained, by the Respondent, for reasons which are violative of his rights under the Constitution, laws, or Treaties of the United States. The Petitioner has appeared pro se, and the Respondent has appeared by David J. MacLaughlin, Assistant United State Attorney.

For reasons which follow, we recommend that the Petition for Writ of Habeas Corpus be denied.

JUN 04 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(12)

## II. Factual and Procedural History

The Petitioner is presently serving a sentence at the Federal Medical Center in Rochester, Minnesota. The sentence was imposed by the United States District Court for the District of Minnesota, in November of 1993, following a finding of guilt by a Jury. The Petitioner was convicted of possession with the intent to distribute crack cocaine, in violation of Title 21 U.S.C. §841(a)(1) and 841(b)(1)(A), and of using and carrying a gun in relation to a drug trafficking crime, in violation of Title 18 U.S.C. §924(c).

The Petitioner appealed his conviction and sentence, raising a number of claims, including an assertion that his sentence was in-valid because he was sentenced for possession with the intent to distribute cocaine base, when his indictment referred only to cocaine. See, United States v. Wiley, 29 F.3d 345, 352 (8th Cir. 1994). The Eighth Circuit affirmed the Jury's Verdict, and the District Court's sentence, finding that the Petitioner was on notice before the Trial that the government intended to present evidence of the Petitioner's possession of cocaine base, and that the Petitioner did not object to the Jury Instruction which required the Jury to find that the Petitioner possessed, with an intent to distribute, cocaine base, and not cocaine. Id. at 352.

Since his direct appeal, the Petitioner has filed four Motions to vacate his sentence under Title 28 U.S.C. §2255, two requests to

file a second or successive Motion under Section 2255, and one Petition for Writ of Habeas Corpus under Title 28 U.S.C. §2241. The Petition under Section 2241 was before this Court, at which time, we recommended that the Petition be summarily dismissed because it "[sought] to impermissibly religitate an issue which was considered, and decided against him in his direct appeal[.]" See, Wiley v. United States, Civ. No. 97-3871, Report and Recommendation (D. Minn., December 31, 1997). The District Court adopted our Report and Recommendation. See, Wiley v. United States, Civ. No. 97-3871, Order (D. Minn. March 23, 1998). All of the Petitioner's other collateral attacks have been denied or summarily dismissed.

Most recently, on August 10, 2000, the Petitioner filed a request, with the Court of Appeals for the Eighth Circuit, for authorization to file a second or successive Motion under Section 2255, wherein he attempted to invoke the rule of law established by the Supreme Court in Apprendi v. New Jersey, 530 U.S. 466 (2000). See, Exhibit 3, attached to Government's Response to Petition for Writ of Habeas Corpus ("Government's Response). The Court of Appeals denied his request on September 8, 2000. See, Exhibit 2, attached to Government's Response.

The Petitioner has now filed a Petition for a Writ of Habeas Corpus, under Title 28 U.S.C. §2241, advancing the same arguments that he presented to the Court of Appeals in his most recent re-

quest to file a second or successive Petition under Section 2255, and claiming that the remedy under Section 2255 is inadequate, and ineffective, to test the legality of his detention.

III. Discussion

Upon our independent review of the Petition, we conclude that we are without jurisdiction, under Title 28 U.S.C. §2241, to address the claims that the Petitioner seeks to raise here. The law is settled that challenges to the lawfulness of a conviction, or to a sentence -- rather than to the lawfulness of the execution of a sentence -- are generally not reviewable by the Habeas mechanism but, rather, should be submitted to the Sentencing Court in a Section 2255 Petition. See, Title 28 U.S.C. §2255; DeSimone v. Lacy, 805 F.2 321, 323 (8th Cir. 1986); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir. 1983).

Before the enactment of Section 2255, Federal prisoners, who sought to collaterally attack their convictions or sentences, were required to file Petitions for Habeas Corpus in the District Court for the District in which they were incarcerated. As a consequence, those challenges were unduly concentrated in the relatively few Districts that contained Federal prisons. Section 2255 was enacted in order to change the venue of post-conviction proceedings, which are initiated by Federal prisoners, from the District of incarceration, to the District in which the prisoner had been

sentenced, thereby ensuring a more even distribution of Federal post-conviction proceedings. See, United States v. Hayman, 342 U.S. 205, 212-19 (1952).

In an apparent recognition of the constitutional questions which might arise from totally foreclosing the availability of Habeas relief, Congress created a safety valve, within Section 2255, by expressly permitting a Federal prisoner to mount an attack upon his conviction, by means of a Habeas Petition, if it appeared that a Section 2255 Motion "[would be] inadequate or ineffective to test the legality of [the prisoner's] detention." Title 28 U.S.C. §2255. According to our Court of Appeals, a would-be Habeas Petitioner bears the burden of demonstrating, as a precondition to applying for Habeas Corpus, that the remedy in the Sentencing Court is inadequate or ineffective. See, DeSimone v. Lacy, supra at 323.

Courts have construed the "inadequate or ineffective" safety valve narrowly, so as to prohibit a Court in the District in which the prisoner is confined from second-guessing the Sentencing Court, and the Court of Appeals to which that Court is responsible, or from engaging in an end-run around the procedural strictures that Congress has set forth in Section 2255. Ordinarily, "the remedy afforded by [Section] 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, * * * or because an individual is procedur-

ally barred from filing a [Section] 2255 motion." In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997); see also, Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988), cert. denied, 488 U.S. 982 (1988); cf., Johnson v. Petrovsky, 626 F.2d 72, 73 (8th Cir. 1980)(holding that prisoner, who was denied relief under Section 2255, was precluded from raising same grounds in Habeas Petition under Section 2241).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, Title I, §105, 110 Stat. 1220, amended Section 2255 by restricting the circumstances under which Federal prisoners are permitted to file second or successive Motions that attack their sentences, and this has spawned a new category of cases, in which the Section 2255 remedy is no longer considered adequate or effective. The AEDPA, which retained Section 2255's "inadequate or ineffective" clause, added the following language to the Section:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain[1] --

---

[1]The relevant portions of Section 2244(b)(3) provide as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order

(continued...)

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Title 28 U.S.C. §2255.

---

[1](...continued)

> authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

Title 28 U.S.C. §2244(b)(3).

Here, the Petitioner relies on a new rule of constitutional law -- the Supreme Court's decision in Apprendi v. New Jersey, supra -- as a basis for his contention that the remedy afforded by Section 2255 is inadequate or ineffective.

However, the Petitioner fails to recognize that the Eighth Circuit Court of Appeals did, indeed, consider the Supreme Court's holding in Apprendi v. New Jersey, supra, when considering his request to file a second or successive Petition under Section 2255. Indeed, his most recent application to file a second or successive Section 2255 was based on the exact claims he now asserts before this Court. Although the Petitioner disagrees with the Court of Appeal's decision to deny his request to file a second or successive Petition under Section 2255, we are not empowered to second guess the Court of Appeals. Accordingly, because we do not have jurisdiction under Section 2241 to consider the Petitioner's claims, we recommend that his Petition for a Writ of Habeas Corpus be denied.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Petition for a Writ of Habeas Corpus [Docket No. 1] be denied.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than June 21, 2001**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than June 21, 2001**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.