UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Newman Lee Wiley, Civ. File No. 00-2454 (PAM/RLE)

Petitioner,

v. **MEMORANDUM AND ORDER**

United States of America,

Respondent.

---

This matter is before the Court on Petitioner's objections to United States Magistrate Judge Raymond L. Erickson's Report and Recommendation dated June 4, 2001. In that Report and Recommendation ("R&R"), Magistrate Judge Erickson recommended the dismissal of Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.

The Court must modify or set aside any portion of the Magistrate Judge's opinion found to be clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.1(b)(2). Based on a review of the record and the submissions of the parties, the Court determines that the Magistrate Judge's recommendation to dismiss the Petition is correct.

Prior to filing the instant Petition, Petitioner has filed four motions under 28 U.S.C. § 2255, two requests to file successive § 2255 motions, and one petition for a writ of habeas corpus under § 2241. All of Petitioner's collateral attacks on his conviction and sentence have been denied or summarily dismissed. On August 10, 2000, Petitioner filed a new request with the Eighth Circuit Court of Appeals for authorization to file a second or successive motion under § 2255. The Court of Appeals summarily denied his request to file that successive

FILED AUG - 8 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD AUG - 8 2001
DEPUTY CLERK

§ 2255 motion. Petitioner then filed this § 2241 Petition, seeking to raise the same claims he asked the Eighth Circuit for permission to file. The Magistrate Judge recommended dismissal of this Petition.

Petitioner objects to two of the Magistrate Judge's conclusions. First, he disagrees with the determination that the Court is without jurisdiction to consider Petitioner's claims. Second, Petitioner objects to the conclusion that the Eighth Circuit Court of Appeals fully considered the Supreme Court's holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), when considering Petitioner's request to file a second or successive § 2255 motion.

The Magistrate Judge found that the Court does not have jurisdiction over the instant Petition because challenges to the lawfulness of a conviction or sentence are generally not reviewable by the habeas mechanism, but rather must be submitted to the sentencing court in a § 2255 motion. DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986). Here, Petitioner is challenging the lawfulness of his conviction and, therefore, his claim appears to fall outside the scope of § 2241.

Claims that should be raised in a § 2255 motion may be brought under the rubric of § 2241, however, if the petitioner can show that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. Petitioner contends that, in his case, because the Eighth Circuit rejected his attempts to raise his Apprendi claims in a § 2255 motion, such motion is inadequate or ineffective and he should be allowed to raise those claims in the instant Petition. Magistrate Judge Erickson found that the Eighth Circuit's denial of Petitioner's request to file a successive § 2255 motion did not render such motion inadequate or ineffective under the statute, and thus that Petitioner was precluded from

bringing a § 2241 petition.

It appears that, when making his determination, Magistrate Judge Erickson did not consider Magistrate Judge Boylan's decision in Carter v. United States, No. 00-CV-2704 (DSD/AJB) (D. Minn. Apr. 6, 2001). In that case, Magistrate Judge Boylan held that, although the Eighth Circuit had denied the petitioner's request to raise his Apprendi claims in a successive § 2255 motion, the petitioner was not foreclosed from raising those claims in a § 2241 petition. Carter found that the Eighth Circuit's decision to deny permission to file a successive § 2255 motion was based on that court's holding that, in order to raise a new rule of constitutional law in a successive motion, that new rule must have been made retroactive on to cases on collateral review by the Supreme Court. The Supreme Court has not stated that the rule announced in Apprendi is retroactively applicable. However, as Carter recognized, although neither the Supreme Court nor the Eighth Circuit have determined that Apprendi is retroactively applicable, a Judge in this District has determined that Apprendi's new rule is retroactively applicable. See United States v. Murphy, 109 F. Supp. 2d 1059, 1063-64 (D. Minn. 2000) (Doty, J.). Thus, in this District, Apprendi is applicable to cases on collateral review.

Because Petitioner is attempting to raise a claim that is based on a new rule of constitutional law that could not have been raised in his direct appeal or first § 2255 motion (because Apprendi had yet to be decided), and that new rule is retroactively applicable to cases on collateral review yet cannot be raised in a successive § 2255 motion (because the Supreme Court has not stated that Apprendi is retroactively applicable), § 2255 is clearly inadequate or ineffective in Petitioner's case. Petitioner should therefore be allowed to present his claims

in a § 2241 petition. See Carter, supra, at 10.

Ultimately, however, Petitioner can secure no relief from the new rule announced in Apprendi. The jury found Petitioner guilty of violations of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 18 U.S.C. § 924(c). He was sentenced to 195 months' imprisonment. Under 21 U.S.C. § 841(b)(1)(A), the maximum penalty is life imprisonment. Apprendi applies to cases in which the defendant's sentence is greater than the statutory maximum. See Apprendi, 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). Apprendi does not apply to Petitioner's claims, and his Petition is without merit.

Pursuant to statute, the Court has conducted a de novo review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c)(2). Based on that review and all the arguments of Petitioner, **IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus (Clerk Doc. No.1) is **DISMISSED WITH PREJUDICE.**

Dated: August 7, 2001

Paul A. Magnuson
United States District Court Judge

AUG - 8 2001

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995

**Please forward this announcement to the recipient of this fax.**

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500